IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

EVERETTE EMERSON MILLS,           )
                                  )
              Petitioner,         )
                                  )
       v.                         )       CV 313-070
                                  )
STACEY STONE, Warden,             )
                                  )
              Respondent.         )
_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in McRae, Georgia,

commenced the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the

execution of his sentence of confinement.  Having considered all the relevant pleadings,

for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the

petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent.

I.     **BACKGROUND**

On January 3, 2008, in the United States District Court for the Middle District of

North Carolina, Petitioner pleaded guilty to conspiracy to distribute cocaine

hydrochloride and was sentenced to ninety-four months of imprisonment.  (Doc. no. 11,

Ex. 1, ¶ 7 & Att. 3.)  On February 15, 2011, in the United States District Court for the

District of the Virgin Islands, Petitioner pleaded guilty to conspiracy to possess with

intent to distribute controlled substances and was sentenced to eighty-seven months of

imprisonment. (Id. ¶ 8 & Att. 4.) In this second case, United States District Judge Curtis V. Gomez ordered Petitioner's eighty-seven month sentence to run concurrent to his existing sentence imposed in the Middle District of North Carolina. (Id. ¶ 9, Att. 4.)

The Bureau of Prisons ("BOP") calculated Petitioner's projected release date of January 20, 2016 by aggregating his eighty-seven month federal sentence with the ninety-four month sentence. (Id. ¶ 11, Att. 5.) BOP commenced the new eighty-seven month term on the date it was imposed, February 15, 2011, while the initial ninety-four month sentence continued to run, which resulted in a combined total term of ten years, four months, and twelve days. (Id.) Prior custody credit was applied to the computation from the date Petitioner was arrested in the Middle District of North Carolina, January 10, 2007, to the day before the first sentence was imposed, January 2, 2008, for a total of 358 days prior custody credit. (Id.) BOP also presumes Petitioner will earn 487 days of projected Good Time Credit. (Id.)

Petitioner filed the present § 2241 petition arguing BOP has (1) refused to run his two federal sentences fully concurrently, as directed by Chief Judge Gomez, and (2) failed to credit his District of the Virgin Islands sentence for the 37.5 months he spent imprisoned between the sentencing in his first case and second case. (Doc. no. 1, pp. 1-9.) Petitioner additionally argues that since his sentences did not run fully concurrently and he was not credited for the time spent imprisoned between sentencings, the guilty plea in the District of the Virgin Islands "was entered illegally, is not enforceable, involuntary, or the government has the duty to fulfill that promise, as required by the due process of law." (Id. at 9-10.) Respondent maintains that Petitioner's projected release

date of January 20, 2016 is correct because BOP correctly began the concurrency of his second sentence from the date of that sentencing. (Doc. no. 11, pp. 5-8.) Additionally, BOP properly credited 37.5 months to his first sentence and he cannot receive "double credit" for his detention time. (Id.)

In his reply, Petitioner concedes entirely that BOP did, in fact, properly credit 37.5 months to his first sentence and that it would be improper for him to receive "double credit" for this time. (Doc. no. 12, p. 3.) Also in his reply brief, Petitioner argues his sentence should be reduced because Respondent has "defaulted on two constitutional issues" Petitioner purportedly raised in his original § 2241 petition. (Id.) First, Petitioner asserts he "implied in his initial brief" a violation of the double jeopardy clause "by splitting the count on the first indictment into different conspiracies under two different indictments." (Id. at 3-6.) Second, the government "effectively engaged in a fraudulent plea bargain" in his second case because it did not fulfill a promise to credit him 37.5 months, which was "express or implied in the plea agreement and during the plea negotiation." (Id. at 3, 6-9.) Accordingly, Petitioner requests he receive "the time envisioned by the parties during the plea negotiations" because Respondent failed to address these claims and therefore defaulted these issues. (Id. at 8-9.)

## II.   DISCUSSION

### A.   Petitioner's Federal Sentences Cannot Run "Fully Concurrently" Because a Federal Sentence Cannot Commence Prior to the Date of Imposition.

Petitioner claims that his federal sentences should run "fully concurrently," *i.e.*, have the same starting date, as purportedly directed by Chief Judge Gomez at his District

of the Virgin Islands sentencing, because the judgment and sentence in that case states, "[t]he term of imprisonment shall be served concurrently to the time of imprisonment imposed in the Middle District of North Carolina." (Doc. no. 1, pp. 1-9; doc. no. 11, Att. 5.)

After sentence is pronounced, the computation of a federal sentence is committed to BOP. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through . . . BOP, has the responsibility for administering the sentence."). The applicable statute states in pertinent part:

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

"The Eleventh Circuit has examined the meaning of the term 'concurrent' and has concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively." DiVito v. Wells, CV 311-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) *report and recommendation adopted*, CV 311-005, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011) (citing Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (*per curiam*)). In other words, "a sentence cannot begin before the date it is pronounced, 'even if made concurrent with a sentence already being served.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009). Similarly, Program Statement ("PS") 5880.28 of the Sentence Computation Manual –

CCCA of 1984 provides "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." PS 5580.28 at 1-13.[1]

Here, Petitioner was sentenced in his District of the Virgin Islands case on February 15, 2011 and began serving his sentence on that date. DiVito, CV 311-005, 2011 WL 5844495 at *4. Petitioner's two sentences cannot run "fully concurrently," as he wishes because his second sentence cannot be applied retroactively. Id.; Flores, 616 F.2d at 841.

Petitioner cites Castillo v. Graver, 182 F. App'x 871 (11th Cir. 2006) (*per curiam*), for the proposition that his sentences run fully and retroactively concurrently. In Castillo, the petitioner argued that a sixty month sentence of imprisonment from his second case ran from the date of his eighty-seven month sentence of imprisonment from a prior case. However, citing Wilson and § 3585(b), the Eleventh Circuit found that the petitioner was not entitled to have his second sentence run from the date his first sentence was imposed because the "computation of credit for a sentence is the responsibility of the Attorney General, who has delegated it to . . . BOP." Castillo, 182 F. App'x at 872-73. Thus, the sentencing court had no authority to bind BOP to a particular sentence computation, and the court of appeals decided that BOP's calculation met the requirements of § 3585(b). Id. at 873. Likewise, here Petitioner's sentence calculation is in accord with Wilson and the requirements of § 3585(b).

Petitioner's argument that Chief Judge Gomez intended for his sentences to run fully concurrently is also without merit. First, the sentencing transcript reveals that

---

[1] *Available at* http://www.bop.gov/policy/progstat/5880_028.pdf (last visited Apr. 29, 2014).

Chief Judge Gomez never expressed an intent for the sentences to run fully concurrently, "the Court also orders that the, that the sentence imposed will run concurrent with that imposed in the other matter in North Carolina . . . . So the sentences will run concurrent." (Doc. no. 1, p. 14.) Second, even assuming arguendo that Chief Judge Gomez did intend for the two sentences to run fully concurrently, he does not have the authority to bind BOP to a particular sentence computation. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 335; Castillo, 182 F. App'x at 872-73. Accordingly, Petitioner's first claim is meritless.

### B. Petitioner Is Not Entitled to the Jail Credit He Seeks Because He Cannot Receive Double Credit for His Detention Time.

Petitioner next argues that he is entitled to additional credit for the 37.5 months of imprisonment between the sentencing in his first case and second case. (Doc. no. 1, pp. 1-9.) As Petitioner conceded in his reply brief, BOP properly credited this time to the sentence in his first case and he cannot receive "double credit" for the time by also crediting it to his sentence in the second case. (Doc. no. 12, p. 3.) Out of an abundance of caution, the Court will explain why Petitioner is correct in conceding this issue.

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585(b) and by PS 5880.28.

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

6

PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence. PS 5580.28 at 1-16.

Here, Petitioner was serving his Middle District of North Carolina sentence when sentenced to eighty-seven months of imprisonment in the District of the Virgin Islands. (Doc. no. 11, Ex. 1, ¶ 8 & Att. 4.) Time spent in prison before his Virgin Islands sentencing *was* credited, but towards his North Carolina case. (Id. ¶ 16 & Att. 5.) Thus, Petitioner's argument that he is entitled to credit on his second sentence for time spent in prison before that sentencing is misguided, as he has already received credit for this time on his first sentence.

Petitioner cites United States v. Knight, 562 F.3d 1314 (11th Cir. 2009), for the proposition that his sentence should be adjusted. (Doc. no. 1, p. 8.) However, in Knight, the Eleventh Circuit, citing § 3585(b), vacated the defendant's sentence and remanded with instructions that the district court adjust his sentence for time served in state custody for a conviction for obstruction of justice because BOP was not going to give any credit for time served in state custody against his federal sentence. United States v. Knight, 562 F.3d at 1329.

Unlike the defendant in Knight, BOP fully credited Petitioner for time spent in prison before the sentencing in his second case against his first sentence. Pursuant to § 3585(b), Petitioner cannot receive credit on his Virgin Islands sentence because that time has *already* been credited against his North Carolina sentence.

**C.      Petitioner's Remaining, Belated Claims Cannot Be Raised in This Petition.**

As discussed above, Petitioner initially argued his sentence should be recalculated because the two sentences are not running fully concurrently and he was due 37.5 months credit for time awaiting sentencing in the Virgin Islands case.  (See generally doc. no. 1.)  For the first time in his reply brief, Petitioner claims he "implied" in his petition a violation of the Double Jeopardy Clause and that his plea agreement was illegal.  (Doc. no 1, p. 3.)  According to Petitioner, because Respondent did not answer these "implied" arguments, he is entitled to the 37.5 months credit by default.  (Id. at 8-9.)

Petitioner cannot raise new claims for relief for the first time in his reply.  Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court."); see Cooper v. Sec'y, Dep't of Corr., 8:08-CV-5-T-27MAP, 2011 WL 795812, at *7 (M.D. Fla. Mar. 1, 2011) ("Petitioner did not raise this claim in his petition, did not seek leave to amend to add this claim, and is barred from raising it in his Reply, since Respondent has not been afforded an opportunity to address it.").

However, even if the Court were to consider these "implied" claims, they are meritless.  First, for obvious reasons, "default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir.1987); Gonzalez v. Wells, CV 308-014, 2008 WL 4593105, at *2 (S.D. Ga. Oct. 14, 2008).

Second, as Petitioner challenges the imposition or validity of his conviction or sentence, these claims are properly raised in a motion to vacate sentence pursuant to 28

8

U.S.C. § 2255: "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*); see also Jones v. Warden, FCC Coleman-Medium, 520 F. App'x 942, 944 (11th Cir. 2013) (*per curiam*). By contrast, a habeas corpus petition under § 2241 generally attacks only the execution or carrying out of an initially valid confinement. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Additionally, an action in which an individual seeks to collaterally attack his conviction should be filed under § 2255 in the district of conviction, not in the district of imprisonment. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Therefore, a § 2255 motion would not be proper in this District.

Nor may Petitioner use this § 2241 petition to attack his conviction and sentence through the savings clause of § 2255. A federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). "[S]imply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this . . . does not render the first § 2255 motion inadequate or ineffective." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1272 (11th Cir. 2013).[2] Rather, a petitioner seeking to invoke the savings clause must meet tightly circumscribed requirements.

---

[2]This "inadequate or ineffective" exception applies in § 2255(e) whether the petitioner has failed to apply for § 2255 relief or has applied for and been denied such relief. Bryant, 738 F.3d at 1263.

Indeed, the long and tortured history of the application of the savings clause, as well as the particularity of the factual circumstances in which it may be properly invoked, was recently examined in <u>Bryant</u>. 738 F.3d at 1262-74 (synthesizing Eleventh Circuit savings clause tests and enumerating five-part test for applying the savings clause in the context of challenge to enhanced sentence under Armed Career Criminal Act, 18 U.S.C. § 924(e)). Although the factual circumstances under which the savings clause applies may at times be murky, it is clear that a prisoner may not use the savings clause to circumvent the requirements for filing § 2255 motions. <u>See</u> <u>Bryant</u>, 738 F.3d at 1274; <u>Wofford</u>, 177 F.3d at 1245; <u>Sanders v. United States</u>, 349 F. App'x 465, 466-67 (11th Cir. 2009) (*per curiam*) (savings clause did not apply simply because prior § 2255 motions were barred as untimely); <u>Hughes v. Sec'y, Florida Dep't of Corr.</u>, 330 F. App'x 876, 877-78 (11th Cir. 2009) (*per curiam*) (savings clause did not apply when § 2255 motion would be barred as successive or untimely).

Here, Petitioner does not state that he has attempted to bring these claims in a § 2255 motion, nor does he give any indication that such a remedy would be "inadequate or ineffective." <u>See</u> 28 U.S.C. § 2255(e); <u>Bryant</u> 738 F.3d at 1262-74. As such, Petitioner cannot invoke the savings clause to bring his remaining claims in the current § 2241 petition. Accordingly, even if Petitioner's had properly raised his remaining claims in his original petition, they do not entitle him to relief.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 8th day of May, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA